J-A03013-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| BERNARD BENNETT | : | |
| | : | |
| Appellant | : | No. 2266 EDA 2016 |

Appeal from the PCRA Order June 28, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0307361-1996

BEFORE:   GANTMAN, P.J., McLAUGHLIN, J., and PLATT*, J.

JUDGMENT ORDER BY GANTMAN, P.J.:           **FILED JANUARY 30, 2018**

Appellant, Bernard Bennett, appeals *pro se* from the order entered in the Philadelphia County Court of Common Pleas, which dismissed as untimely his serial petition filed under the Post Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546.  On September 24, 1997, a jury convicted Appellant of first-degree murder and other offenses in connection with Appellant's murder of a police officer.  The court sentenced Appellant on November 10, 1997, to life imprisonment for the murder conviction and imposed lesser terms of imprisonment for the remaining crimes.  This Court affirmed the judgment of sentence on April 7, 1999, and our Supreme Court denied allowance of appeal on September 30, 1999.  ***See Commonwealth v. Bennett***, 738 A.2d 1047 (Pa.Super. 1999), *appeal denied*, 560 Pa. 695, 743 A.2d 913 (1999).

_____

* Retired Senior Judge assigned to the Superior Court.

From 2000 to 2011, Appellant unsuccessfully litigated four PCRA petitions. On December 14, 2015, Appellant filed *pro se* the current, fifth PCRA petition. The court issued Pa.R.Crim.P. 907 notice on April 19, 2016. On May 10, 2016, Appellant filed a motion to amend his PCRA petition; and on May 17, 2016, Appellant responded to the court's Rule 907 notice. The court dismissed Appellant's petition as untimely on June 28, 2016. On July 12, 2016, Appellant timely filed a notice of appeal. No Pa.R.A.P. 1925(b) concise statement was ordered or filed.

Preliminarily, the timeliness of a PCRA petition is a jurisdictional requisite. ***Commonwealth v. Zeigler***, 148 A.3d 849 (Pa.Super. 2016). A PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). The statutory exceptions to the PCRA time-bar allow for very limited circumstances under which the late filing of a petition will be excused; a petitioner asserting a timeliness exception must file a petition within 60 days of when the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(1-2).

Instantly, Appellant's judgment of sentence became final on December 29, 1999, upon expiration of the time for filing a petition for writ of *certiorari*

- 2 -

with the U.S. Supreme Court. *See* U.S.Sup.Ct.R. 13. Appellant filed the current PCRA petition on December 14, 2015, which is patently untimely. *See* 42 Pa.C.S.A. § 9545(b)(1). On appeal, Appellant attempts to invoke the "new constitutional right" exception to the statutory time-bar per Section 9545(b)(1)(iii), claiming he is entitled to relief under *Miller v. Alabama*, 567 U.S. 460, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012) (holding sentence of mandatory life imprisonment without possibility of parole, for those under age of 18 at time of their crimes, violates Eighth Amendment's prohibition on cruel and unusual punishments) and *Montgomery v. Louisiana*, ___ U.S. ___, 136 S.Ct. 718, 193 L.Ed.2d 599 (2016) (holding *Miller* applies retroactively to cases on state collateral review). Nevertheless, Appellant concedes he was 22 years old at the time of the offenses at issue. Thus, *Miller* and *Montgomery* do not apply. Furthermore, this Court has previously rejected the argument that relief under *Miller* and *Montgomery* should be extended to individuals under 25 years old because the brain is not developed fully until that age. *See Commonwealth v. Furgess*, 149 A.3d 90 (Pa.Super. 2016) (holding appellant who was 19 years old at time of offenses was not entitled to relief under *Miller* and *Montgomery* on collateral review; rejecting "technical juvenile" argument). Therefore, the court properly dismissed Appellant's petition as untimely.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/31/2018